UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MENICKA MCDONALD,

      Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.
_____/

Case No.  12-10006

SENIOR UNITED STATES DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE R. STEVEN WHALEN

### ORDER ADOPTING REPORT AND RECOMMENDATION [12] AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [10] AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [9]

On February 11, 2013, Magistrate Judge Whalen issued a Report and Recommendation ("R&R") [15] recommending that Defendant's Motion for Summary Judgment [13] be granted and that Plaintiff's Motion to Remand [12] be denied.  Plaintiff filed an Objection [13] on January February 16, 2013.

For the reasons stated below, the Report and Recommendation is ADOPTED and is entered as the findings and conclusions of the Court.  Defendant's Motion for Summary Judgment is GRANTED.  Plaintiff's Motion for Summary Judgment is DENIED.

### I. Factual Background

The R&R contains a detailed explanation of the factual background of this case, and the Court adopts the factual background as set out in the R&R in full.

### II. Standard of Review

This Court reviews objections to an R&R on a dispositive motion *de novo.  See* 28 U.S.C. §636(b)(1)(c).  Making some objections to an R&R, but failing to raise others, will not preserve all objections a party may have to the report and recommendation.  *McClanahan v. Comm'r of Soc. Sec.*,

474 F.3d 830, 837 (6th Cir. 2006). Objections that are filed must be specific. *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006).

In reviewing an Administrative Law Judge's ("ALJ") decisions, 42 U.S.C. § 405(g) provides that the ALJ's "factual findings are conclusive if supported by substantial evidence." *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 243 (6th Cir. 1987). "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citing *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)) (internal quotation marks omitted); *See also Richardson v. Perales*, 402 U.S. 389, 401 (1971). In order to determine "whether the Secretary's factual findings are supported by substantial evidence, we must examine the evidence in the record taken as a whole and must take into account whatever in the record fairly detracts from its weight." *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992) (internal citations omitted). So long as the conclusion is supported by substantial evidence, "this Court will defer to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *see also Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

### III. Analysis
#### A. Fibromyalgia

Plaintiff's first objection concerns her fibromyalgia. Plaintiff alleges that the ALJ and Magistrate Judge did not evaluate whether Plaintiff's fibromyalgia was a "severe impairment" according to Social Security regulations. Plaintiff alleges that the ALJ "does not ever mention or evaluate claimant's fibromyalgia."

As noted by the Magistrate Judge, because a diagnosis of fibromyalgia is difficult to support with clinical findings, in assessing an opinion that a claimant suffers from fibromyalgia (and its impact on a claimant's ability to perform work, "the weight of the opinion must depend primarily on the factors provided in 20 C.F.R. § 404.1527, including (1) examining relationship; (2) treatment relationship; (3) supportability; (4) consistency with the record as a whole; and (5) specialization." *Runyon v. Apfel*, 100 F. Supp. 2d 447, 450 (E.D. Mich. 1999) (Roberts, J.).

Plaintiff is correct that the ALJ did not specifically discuss fibromyalgia in his analysis. However, in assessing an ALJ's rejection of benefits, we are not limited simply to the findings of the ALJ but "must examine the evidence in the record taken as a whole . . . ." *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The record establishes that none of Plaintiff's treating sources opined that she was disabled by fibromyalgia or that her fibromyalgia limited her ability to work. Dr. Leisen, who examined Plaintiff on one occasion, diagnosed fibromyalgia but stated only that the diagnosis would require "changes in lifestyle." Dr. Belkin, who treated Plaintiff, mentioned the diagnosis by Dr. Leisen but did not present the opinion that Plaintiff's fibromyalgia was disabling or would create limitations on Plaintiff's ability to work. In addition, Plaintiff reported that her fibromyalgia symptoms were stable with Cymbalta and Lyrica.

Drawing from the record as a whole, it does not appear that Plaintiff's fibromyalgia would qualify as a "severe impairment." Plaintiff cites no "credible medical evidence" in the record that would establish that her fibromyalgia limits her capacity to work. As noted by the Magistrate Judge, despite a lack of evidence that Plaintiff's fibromyalgia limited her ability to work, the ALJ's RFC imposed greater limitations on Plaintiff's exertional and non-exertional activities than Dr. Ahmed, the state's consulting non-examining physician, recommend in his Residual Functional Capacity Assessment.

Plaintiff also asserts that the ALJ should have specifically mentioned her subjective complaints of pain from fibromyalgia when assessing her credibility. However, the ALJ did assess Plaintiff's general credibility, finding in his written opinion that "the medical history does not support the degree of severity that the claimant alleges." (R. 22.) The ALJ also references Plaintiff's "overall lack of credibility" because of her evasive answers concerning the date she last was employed. Plaintiff cites no case law in support of the proposition that the ALJ was required to specifically discuss her subjective complaints of pain, unsupported by credible medical evidence.

As such, Plaintiff's first objection is not persuasive.

### B. Weight Given to Opinion of Treating Physicians

Plaintiff argued before the Magistrate Judge that the ALJ had failed to state his reasons for rejecting the opinion of treating physicians, but failed to identify which treating physicians, and which opinions, the ALJ had rejected. As the Magistrate Judge correctly noted, neither of Plaintiff's treating physicians found her disabled or stated that she had greater limitations than those express by the ALJ in the Residual Functional Capacity assessment. As such, the ALJ's determination (noted by Plaintiff) that the treating physician's medical opinion were "internally consistent" with a finding that Plaintiff was not disabled is supported by substantial evidence.

Plaintiff's objection fails to present any evidence that the ALJ rejected the opinion of a treating source, and as such, her argument that the ALJ failed to explain his rejection of Plaintiff's treating physician is nonsensical.

Plaintiff's second objection is not persuasive.

### IV. Conclusion

The Court having reviewed the record in this case, the Report and Recommendation [12] of the Magistrate Judge is hereby **ADOPTED** and is entered as the findings and conclusions of the

4

Court. Defendant's Motion for Summary Judgment [10] is **GRANTED**. Plaintiff's Motion for Summary Judgment [9] is **DENIED**.

  **SO ORDERED**.

Dated: March 22, 2013
          <u>s/Arthur J. Tarnow</u>
          Arthur J. Tarnow
          Senior United States District Judge